Filed 8/12/26  P. v. Williams CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH LASHAWN WILLIAMS,<br><br>Defendant and Appellant. | B344558<br><br>Los Angeles County<br>Super. Ct. No. MA041538 |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Reversed and remanded with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Nikhil Cooper, Deputy Attorney General, for Plaintiff and Respondent.

The abstract of judgment against appellant Joseph Lashawn Williams contains a clerical error that must be corrected. It states the trial court imposed a restitution fine of $2,800 under Penal Code section 1202.4, subdivision (b).[1] The reporter's transcript of the sentencing court's oral pronouncement, however, states the fine was $280. The People have not rebutted the presumption that the reporter's transcript takes precedence. We thus direct the trial court to amend the abstract of judgment to reflect the correct amount. We also direct the court to send the amended abstract of judgment to the California Department of Corrections and Rehabilitation (CDCR). Lastly, we direct the court to inform the CDCR that it must reimburse Williams for any amount above $280 he has overpaid.

## BACKGROUND

In 2013, a jury convicted Williams of several offenses and found gang and great bodily injury allegations true. After Williams admitted various prior conviction allegations were true, the trial court imposed a lengthy prison sentence under the Three Strikes law. The only aspect of sentencing that is relevant to this appeal is a victim restitution fine the court imposed under section 1202.4, subdivision (b).

In 2025, Williams wrote the trial court two letters asking it to correct the $2,800 victim restitution fine listed in his abstract of judgment. In one of those letters, Williams included a copy of the reporter's transcript of his sentencing hearing held on March 4, 2013. That transcript indicates the trial court orally pronounced a judgment that imposed a restitution fine of $280.

---

[1]    Unspecified statutory references to statutes are to the Penal Code.

2

Pointing to the disparity between the orally pronounced fine amount ($280) and the amount listed on his abstract of judgment ($2,800), Williams asserted that the amount listed on the abstract of judgment was a clerical error that the court should correct. Williams also included documentation showing that he had already overpaid the CDCR an amount exceeding $280.[2] He asked the court to notify the CDCR of the error, forward an amended abstract of judgment to the CDCR reflecting the correct $280 fine amount, and direct the CDCR to reimburse him for his overpayment.

In a minute order dated February 6, 2025, the trial court denied Williams's requests. In doing so, the court referred to Williams's copy of the reporter's transcript of his 2013 sentencing hearing as "uncertified," suggesting the court was skeptical of its authenticity. The court also noted that it had reviewed other aspects of the case file in deeming Williams ineligible for relief. The court stated that in 2021, Williams had filed a different motion challenging his restitution fine on different basis (namely his inability to pay), and in that motion, Williams had acknowledged that the fine amount imposed was $2,800. The court further stated that the trial judge who denied Williams's 2021 motion had also indicated that the restitution fine imposed

---

[2]    One document Williams submitted to the trial court was a CDCR restitution history form. That form indicated that Williams owed $2,800 in restitution, and as of January 1, 2025, he had paid $1,434.11. The document further stated that Williams still owed a balance of $1,365.89.

was $2,800.[3]  Lastly, the court noted that it had reviewed Williams's abstract of judgment, which listed the restitution amount as $2,800.  For these reasons, the court concluded that the restitution fine the trial court imposed was actually $2,800, not $280.

Williams timely appealed the order denying his request to modify the abstract of judgment.  His appointed counsel, however, filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 raising no issues.  Williams then filed a brief reiterating the arguments he had made in the trial court.  Along with his brief, he included his copy of his resentencing hearing transcript, which reflects an oral pronouncement of a $280 restitution fine.

We ordered the record in Williams's direct appeal (Case No. B247704).  The certified reporter's transcript in that record confirms Williams's claim.  Indeed, the relevant page of the reporter's transcript listing the restitution fine as $280 is *identical* to Williams's copy of that page he submitted to the trial court and this court.

After observing that our copy of the reporter's transcript reflected the same oral pronouncement of restitution as Williams's copy, we asked the parties to file supplemental briefs addressing the proper resolution of this appeal.  We have now received and considered the parties' supplemental briefs.

## DISCUSSION

Conflicts between the oral pronouncement of judgment found in the reporter's transcript and the abstract of judgment found in the clerk's transcript "are generally presumed to be

---

[3]     Williams's 2021 motion and the trial court's minute order denying him relief are attached to the People's motion for judicial notice.  We grant the People's motion.

4

clerical in nature and are resolved in favor of the reporter's transcript unless the particular circumstances dictate otherwise." (See *In re P.A.* (2012) 211 Cal.App.4th 23, 30, fn. 4; see also *People v. Gonzalez* (2012) 210 Cal.App.4th 724, 744; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Michell*).) We see no reason the presumption should not apply here. When Williams was sentenced in 2013, the minimum restitution fine courts could impose under section 1202.4, subdivision (b) was $280. (Former § 1202.4, as amended by Stats. 2015 ch. 569, § 15, eff. Jan. 1, 2013.) There is no reason to believe the trial court made a mistake at the time it orally pronounced a $280 restitution fine. We agree with Williams that the trial court should correct the abstract of judgment to reflect the $280 restitution fine orally pronounced at sentencing, and that Williams should be reimbursed by the CDCR for any amount above $280 he overpaid. (See *Mitchell*, *supra*, 26 Cal.4th at p. 185 [courts may correct clerical errors at any time]; *People v. Hong* (1998) 64 Cal.App.4th 1071, 1080.) "[A]n abstract of judgment must reflect a restitution fine a sentencing court has orally imposed under section 1202.4, subdivision (b)." (*Mitchell*, at p. 186.)

The Attorney General contends that the documents relating to William's 2021 motion to correct the abstract of judgment demonstrate that the trial court imposed a $2,800 restitution fine in 2013. It is true Williams stated in his 2021 motion that the restitution fine was $2,800. But those documents are not dispositive.

As defense counsel explains in her supplemental brief, what governs is the restitution amount the trial court orally imposed at Williams's sentencing hearing in 2013. That Williams had apparently not discovered the clerical error in the abstract of

judgment in 2021 does not undermine his current position.  The same is true of the trial court's belief in 2021.  Nothing in the record indicates that when the trial court rejected Williams's 2021 motion, it reviewed the reporter's transcript of the 2013 sentencing hearing.

## DISPOSITION

The February 6, 2025, order denying Williams's motion to correct the abstract of judgment is reversed.  The trial court is directed to amend the abstract of judgment to reflect that Williams's section 1202.4, subdivision (b) restitution fine amount is $280.  The court is further directed to send the amended abstract of judgment to the CDCR, and to issue an order directing the CDCR to reimburse Williams any amount exceeding $280 that he has overpaid due to the clerical error in his abstract of judgment.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TAMZARIAN, J.

We concur:

ZUKIN, P. J.

DAUM, J.

6